IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JERRY L. MAZONE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-120 |
| | ) | (Formerly CR 112-057) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Petitioner Jerry L. Mazone filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED**, the motion for appointment of counsel be **DENIED**, and this civil action be **CLOSED**.

## I.    BACKGROUND

On February 8, 2012, a grand jury in the Southern District of Georgia issued a twenty-three-count indictment against five defendants, including two counts against Petitioner for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). United States v. Mazone, CR 112-057, doc. no. 3 (S.D. Ga. Feb. 8, 2012) (hereinafter "CR 112-057"). On March 8, 2012, the grand jury returned a superseding

indictment which as to Petitioner added a second count of possession of a firearm by a convicted felon, and changed the date on the charge of possession of a stolen firearm. Id., doc. no. 46. The Court appointed attorney Blair Ballard Massey to represent Petitioner, and on May 2, 2012, Petitioner pleaded guilty to Count Seven of the superseding indictment, possession of a firearm by a convicted felon. Id., doc. nos. 70, 103-05.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at twenty-nine, Criminal History Category at VI, and Guidelines term of imprisonment at the statutory maximum of 120 months. PSI ¶¶ 27, 59, 60. Because Petitioner had at least two felony convictions for a crime of violence, pursuant to U.S.S.G. § 2K2.1(a)(2), his base offense level was twenty-four. PSI ¶ 16. That base level increased by eight points pursuant to U.S.S.G. § 2K2.1(b) because of specific offense characteristics but was then reduced by three points to twenty-nine based on Petitioner's acceptance of responsibility. PSI ¶¶ 17-19, 25-27. The original Guidelines range was 151 to 188 months, but because the statutorily authorized maximum sentence of ten years for possession of a firearm by a felon was less than the applicable Guidelines range, the Guidelines term of imprisonment was 120 months. 18 U.S.C. §§ 922(g) and 924(a)(2); PSI ¶¶ 59, 60.

At sentencing on November 8, 2012, United States District Judge J. Randal Hall imposed a sentence of 120 months of imprisonment, three years of supervised release, a $100 special assessment, and a $2,000 fine. CR 112-057, doc. nos. 153, 157, 164. Petitioner did not appeal.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the

Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process.  Johnson, 135 S. Ct. at 2563.  The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed his § 2255 motion, arguing Johnson entitles him to be resentenced.  Petitioner does not contend he was sentenced under the statutory provisions of the ACCA.  Instead, he argues for extension of Johnson to his sentence because U.S.S.G. § 2K2.1(a) incorporates the Guidelines definition for "crime of violence" that mirrors the language of the residual clause in the ACCA.  (See generally doc. no. 1.)

## II.    DISCUSSION

### A.    Johnson Does Not Apply to the Guidelines.

Even assuming that removing the "crime of violence" enhancement under U.S.S.G. § 2K2.1 would have reduced Petitioner's Guidelines range of imprisonment below the statutory maximum of 120 months, he is not entitled to relief.  Although the ACCA and Guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)," Johnson does not apply to career offender enhancements under the sentencing guidelines.  United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015).  This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing

Guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." Id. Because Petitioner's sentence was not based on application of the ACCA's residual clause and the Eleventh Circuit has determined Johnson does not apply to enhancements under the Guidelines, Petitioner is not entitled to be resentenced without application of § 2K2.1.[1] See id.; see also United States v. Kirk, 636 F. App'x 548, 550 (11th Cir. 2016) ("[N]othing in Johnson precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines."); United States v. Snipes, CR 11-00268 / CV 15-00419, 2015 WL 8207484, at *1-2 (S.D. Ala. Dec. 7, 2015) (dismissing Johnson-based claim for resentencing without § 2K2.1 enhancement under reasoning of Matchett).

Because Petitioner's claim is clearly without merit based on the current record and Eleventh Circuit case law, his motion is ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

**B.      Petitioner Is Not Entitled to Appointed Counsel.**

Petitioner also included a request for appointment of counsel when he initially filed for relief pursuant to Johnson on May 31, 2016. CR 112-057, doc. no. 196. On July 15, 2016, Judge Hall entered an order explaining the Court intended to re-characterize this motion as a first § 2255 motion unless Petitioner notified the Court of his intention to contest the re-characterization, withdraw the motion, or amend the motion to include any § 2255

---

[1]The United States Supreme Court has granted certiorari to consider whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2) and whether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2) such that a challenge to a sentence imposed under this portion of the Guidelines is cognizable on collateral review. Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (U.S. June 27, 2016) (No. 15-8544).

claims other than those based on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). <u>See id.</u>, doc. no. 202. In response to Judge Hall's Order, Petitioner filed the § 2255 motion reviewed above. Thus, the Court turns its attention to the request for appointed counsel.

There is no automatic constitutional right to counsel in habeas proceedings. <u>See Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987); <u>United States v. Webb</u>, 565 F.3d 789, 794 (11th Cir. 2009) (citing <u>Barbour v. Haley</u>, 471 F.3d 1222, 1227 (11th Cir. 2006)); <u>Hooks v. Wainwright</u>, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. <u>Hooks</u>, 775 F.2d at 1438; <u>Norris v. Wainwright</u>, 588 F.2d 130, 133 (5th Cir. 1979)[2]; <u>see also</u> 28 U.S.C. § 2255(g) and Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts (authorizing appointment of counsel pursuant to 18 U.S.C. § 3006A if evidentiary hearing warranted). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" <u>McCall v. Cook</u>, 495 F. App'x 29, 31 (11th Cir. 2012). In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," there is no federal constitutional right to appointed counsel. Donald E. Wilkes, Jr., <u>Federal Postconviction Remedies and Relief Handbook</u> § 2.2, at 147 (2016 ed.) (citations omitted).

The Court does not find any exceptional circumstances justifying the appointment of counsel. <u>See McCall</u>, 495 F. App'x at 31. Petitioner has had no problem communicating

---

[2]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (<i>en banc</i>), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior the close of business on September 30, 1981.

with the Court, as evidenced by his § 2255 motion detailing his underlying criminal proceedings and citing recent case law. Moreover, as explained above, his case does not fall within the parameters of <u>Johnson</u> and is due to be dismissed. Therefore, the motion for appointment of counsel should be **DENIED**. CR 112-057, doc. no. 196.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED,** the motion for appointment of counsel be **DENIED**, (CR 112-057, doc. no. 196), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of August, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA